# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MADELINE COX ARLEO**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4903 |

July 7, 2008

Andrew L. Indeck
Scarinci & Hollenbeck, LLC
1100 Valley Brook Avenue
P.O. Box 790
Lyndhurst, New Jersey  07071

Michael L. Rich
Porzio, Bromberg & Newman, PC
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey  07962-1997

### LETTER ORDER
### REPORT & RECOMMENDATION

Re:   Newport, LLC v. Doremus Newark, LLC et al.
      <u>Civil Action No. 08-780 (JAG)</u>

Dear Counsel:

Before the Court is the motion for remand (Docket Entry No. 4) of Plaintiff Newport, LLC ("Newport").  This Court has read the briefs that the parties have submitted.  No oral argument was heard, pursuant to Fed. R. Civ. P. 78(b).  For the reasons that follow, this Court recommends that the motion for remand be **DENIED**.

In brief, the history of this case is as follows.  On December 10, 2007, Newport filed the Complaint in the Superior Court of New Jersey, Essex County: Law Division, against Defendants Doremus Newark, LLC, Donald Levine, and Equity Industrial Partners, Corp. (collectively, "Defendants").  On February 13, 2008, Defendants removed the pending state court action to this Court, pursuant to 28 U.S.C. § 1441, based on diversity jurisdiction.  On March 12, 2008, Plaintiff filed the instant motion to remand the case back to the Superior Court of New Jersey.

Plaintiff contends that this case should be remanded to state court on two grounds: 1) forum

selection clauses in two agreements provide that the agreements are governed by the law of the state of New Jersey; and 2) the parties lack complete diversity. Neither argument succeeds.

As to the first argument, what Plaintiff describes as "forum selection clauses" appear to be governing law provisions agreeing to New Jersey law. (Indeck Cert. Ex. A, B.) In addition, the guaranty agreement with Equity Industrial Partners, Corp. states: "Guarantor expressly submits to the jurisdiction of the State of New Jersey." (Indeck Cert. Ex. B.) Plaintiff argues that these provisions mean that the case can only be heard in a New Jersey state court. Plaintiff does not, however, point to any provisions that bind the parties to litigate in state court exclusively. The cited governing law provisions require only that any dispute be governed by New Jersey law. Nor does Guarantor's promise to submit to the jurisdiction of the State of New Jersey preclude him from litigating in the District of New Jersey.

Plaintiff offers no legal authority for the proposition that a governing law provision, without more, can operate as a waiver of the right to removal. "The party waiving a known right must do so clearly, unequivocally, and decisively." Knorr v. Smeal, 178 N.J. 169, 177 (2003). The contractual provisions cited by Plaintiff do not even indirectly suggest relinquishment of the right to removal, much less do so unequivocally.

As to the second argument, Plaintiff misunderstands the concept of complete diversity of citizenship. Complete diversity of citizenship means that the citizenship of every plaintiff is different from the citizenship of every defendant. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Plaintiff contends that, when the defendants agreed to the provisions in the agreements selecting New Jersey law as the governing law, they became citizens of New Jersey for jurisdictional purposes. Plaintiff cites no law to support an argument that is absurd on its face. The parties do not otherwise dispute that Plaintiff is a citizen of New Jersey and that no Defendant is a citizen of New Jersey. There is complete diversity of citizenship. This Court has subject matter jurisdiction. Plaintiff has failed to persuade this Court that there is a basis for remand.

In sum, having considered the parties' submissions, having good cause, and for the reasons expressed above, this Court respectfully recommends that Plaintiff's motion to remand (Docket Entry No. 4) be **DENIED**.

                                          s/Madeline Cox Arleo
                                          **MADELINE COX ARLEO**
                                          **United States Magistrate Judge**

cc:    Clerk
       Hon. Joseph A. Greenaway, Jr., U.S.D.J.
       All Parties
       File